UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KENDALE LAMB,

        Plaintiff,

                                      CASE NO. 2:09-CV-15003
v.                                    HONORABLE PAUL D. BORMAN

WAYNE CO. PROSECUTOR,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S CIVIL COMPLAINT AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, DISCOVERY, SPEEDY HEARING, INJUNCTION, AND EVIDENTIARY HEARING**

**I.    Introduction**

The Court has before it Plaintiff David Kendale Lamb's *pro se* civil rights complaint and request for declaratory judgment filed pursuant to 42 U.S.C. § 1983 (as amended), as well as his motions for appointment of counsel, discovery, speedy hearing, injunction, and evidentiary hearing. Plaintiff, a state prisoner confined at the Newberry Correctional Facility in Newberry, Michigan, has been granted leave to proceed without prepayment of the filing fee for this action. Plaintiff was convicted of four counts of first-degree murder (under alternate theories of premeditation and felony murder), armed robbery, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 1999. He was sentenced to concurrent terms of life imprisonment without parole on the murder convictions and a consecutive term of two years imprisonment on the felony firearm conviction.

In his complaint, Plaintiff challenges the actions of the Detroit Crime Lab and the Wayne County Prosecutor in testing and presenting certain evidence at his trial. Specifically, Plaintiff

1

contests the accuracy of the gunshot residue testing done on his pants and the related expert testimony. He also states that DNA testing was done on hairs recovered from two baseball caps found at the crime scene, but such results were not in the discovery materials. Plaintiff alleges a violation of his due process and equal protection rights and says that he has already suffered irreparable harm due to his incarceration. He requests new gunshot residue testing on his pants and new DNA testing on the hairs recovered from the baseball caps, as well as other injunctive and declaratory relief. He names the Wayne County Prosecutor as the defendant in this action. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court also denies Plaintiff's motions for appointment of counsel, discovery, speedy hearing, injunction, and evidentiary hearing.

**II.      Analysis**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

As noted, Plaintiff challenges the gunshot residue testing done on his pants and related expert testimony and the DNA testing done on hair samples recovered from baseball caps found at the crime scene. He raises these concerns due to the closing of the Detroit Crime Lab and the re-testing being done in other criminal cases. He alleges a violation of his due process and equal protection rights. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, but not for a prisoner seeking habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). The United States Supreme Court has recognized "an implicit exception from § 1983's broad scope for actions that lie 'within the core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser*, 411 U.S. at 487).

In this case, Plaintiff seeks habeas relief because his claims concern the validity of his convictions and continued confinement. Such claims are not properly brought in a § 1983 civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of

3

a writ of habeas corpus); *Schilling v. White*, 58 F.3d 1081, 1086-87 (6th Cir. 1995). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89; *see also Wilkinson*, 544 U.S. at 81-82.

Citing *Preiser* and *Heck*, the United States Court of Appeals for the Sixth Circuit has upheld the dismissal of a similar civil rights complaint in which an Ohio prisoner alleged that a prosecutor violated his due process rights and other constitutional rights by refusing to cooperate in his DNA testing efforts. *See Boyle v. Mayer*, 46 Fed. Appx. 340, 340-41 (6th Cir. 2002) (unpublished). The Sixth Circuit noted that the plaintiff "has not raised a cognizable issue under § 1983 insofar as his claims do not implicate the validity of his convictions, as such claims would not rise to the level of a constitutional violation." *Id.* at 341 (citing *Baker v. McCollan*, 443 U.S. 137, 142-47 (1979); *Schilling*, 58 F.3d at 1086). At least two other circuits court have similarly ruled that claims for post-conviction access to DNA evidence and testing cannot be brought in a § 1983 action when a plaintiff "seeks access to such evidence for one reason and one reason only - as the first step in undermining his conviction." *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002); *see also Kutzner v. Montgomery Co.*, 303 F.3d 339, 340-41 (5th Cir. 2002) (following *Harvey*). Five circuit courts have reached the opposite conclusion. *See Grier v. Klem*, _ F.3d _, 2010 WL 92483, *5 (3d Cir. Jan. 12, 2010); *McKithen v. Brown*, 481 F.3d 89, 99 (2d Cir. 2007); *Savory v. Lyons*, 469 F.3d 667, 669 (7th Cir. 2006); *Osborne v. District Attorney's Office for Third Judicial Dist.*, 423 F.3d 1050, 1054 (9th Cir. 2005); *Bradley v. Pryor*, 305 F.3d 1287, 1290-91 (11th Cir. 2002). The United States Supreme Court has not resolved this issue. *See District Attorney's Office for Third Judicial Dist. v. Osborne*, _ U.S. _, 129 S. Ct. 2308, 2318-19 (2009) ("we will assume without deciding that the Court of Appeals was correct that *Heck* does not bar Osborne's 1983 claim").

While this Court is not strictly bound by the Sixth Circuit's unpublished decision in *Boyle,*

*see Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996), such a decision may be instructive, *see Combs v. International Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004), and this Court is reluctant to rule in a contrary fashion. Moreover, a fair reading of Plaintiff's complaint reveals that he is challenging the validity of the gunshot residue evidence and related expert testimony at trial and that he seeks gunshot residue and DNA testing for one reason – to contest the validity of his convictions and current confinement. Because this case concerns the validity of Plaintiff's convictions and/or is so intertwined with the fact of his confinement, it must be dismissed for failure to state a cognizable claim under § 1983. *See Boyle, supra*.

Furthermore, even if Plaintiff's complaint may be brought as a § 1983 action, he has still failed to state a claim upon which relief may be granted in his complaint. The Supreme Court in *Osborne* specifically held that a state prisoner has no freestanding federal substantive due process right of post-conviction access to evidence for DNA testing. *Osborne*, 129 S. Ct. at 2319-23. The Supreme Court instead indicated that a state prisoner may have a procedural due process right regarding the proper application of a state-created right as to such matters. In other words, a state prisoner could bring a federal action challenging the adequacy of a state's procedures governing post-conviction access to evidence and the testing (or retesting) of that evidence. *Id*. at 2319-20. Plaintiff, however, makes no such allegation in his complaint. Moreover, the Sixth Circuit has ruled that such a challenge to Michigan's post-conviction procedures "is untenable because Michigan's statutory scheme is more comprehensive that the state procedures sanctioned by the *Osborne* court." *See In re Frederick Smith*, No. 07-1220, 2009 WL 3049202, *2 (6th Cir. Sept. 24, 2009) (unpublished). To be sure, Michigan provides sufficient post-conviction procedures for addressing Plaintiff's concerns. *See* Michigan Court Rule 6.500 *et seq*. (providing for post-conviction collateral review); Mich. Comp. Laws § 770.16 (providing for post-conviction DNA testing). In fact, Plaintiff

5

states that he moved for retesting of his pants under Mich. Comp. Laws § 770.16, but the trial court denied his motion. Plaintiff neither alleges nor establishes that the state procedure was applied unconstitutionally. He has thus failed to state a viable substantive or procedural due process claim in his complaint.

Lastly, Plaintiff has also failed to state an equal protection claim in his complaint. The linchpin of an equal protection claim is that the government has treated people who are similarly situated in a different manner. *See Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff alleges, in conclusory terms, that the defendant's conduct has denied him equal protection, but does not provide sufficient factual support for this claim. Plaintiff fails to indicate with any specificity how he has been treated differently from others who are similarly situated. The fact that some prisoners may be having their convictions reviewed and/or evidence retested due to problems with the Detroit Crime Lab does not mean that those prisoners are similarly situated to Plaintiff or that Plaintiff is being treated unfairly. Conclusory allegations are insufficient to state a civil rights claim. *See Jackson v. Madery*, 158 Fed. Appx. 656, 659 (6th Cir. 2005); *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986). Lastly, the Court notes that prisoners are not members of a protected class for equal protection purposes. *See, e.g., Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Plaintiff has thus failed to state an equal protection claim in his complaint.

## III.    Conclusion

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Given this determination, the Court **DENIES** Plaintiff's request for declaratory judgment, as well as his

motions for appointment of counsel, discovery, speedy hearing, injunction, and evidentiary hearing.

**IT IS SO ORDERED**.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 22, 2010.


S/Denise Goodine
Case Manager